IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3149-FL

| | |
|---|---|
| JAMES EDWARD WEEKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NEIL ELKS, MAJOR PHILLIPS, J. ) | |
| ALLEN, SERGEANT JACOB, and ) | |
| CAPTAIN ROUMPF,[1] ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the court on defendants' motion to dismiss (DE 21) pursuant to Federal Rule of Civil Procedure 12(b)(6). In this posture, the issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants defendants' motion.

## STATEMENT OF THE CASE

On June 14, 2013, plaintiff, who was a then pretrial detainee incarcerated at the Pitt County Detention Center (the "detention center"), filed this action *pro se* pursuant to 42 U.S.C. § 1983 against defendants Neil Elks ("Elks"), Major Phillips ("Phillips"), J. Allen ("Allen"), Sergeant Jacob ("Jacob"), and Captain Roumpf ("Roumpf"). Plaintiff alleged that defendants denied him access to courts in violation of the First and Fourth Amendments to the United States Constitution because

---

[1] Defendants state in their memorandum in support of motion to dismiss that the proper spelling of the party plaintiff identified in the complaint as "Captain Rump" is "Captain Roumpf". The Clerk of Court is DIRECTED to amend the docket to change the spelling of defendant Captain Rump to Captain Roumpf.

1

they did not provide him with notary services or the ability to make photocopies. Plaintiff additionally alleged that defendants violated his First Amendment rights because they required him to submit all of his outgoing mail unsealed. The court subsequently conducted a frivolity review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed without prejudice plaintiff's access to courts claim for failure to state a claim upon which relief may be granted. The court allowed plaintiff to proceed with his First Amendment mail-related claim.

On March 6, 2014, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff's mail-related claim fails to state a claim upon which relief may be granted. The motion was fully briefed.

**DISCUSSION**

A.      Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when

accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

B.  Analysis

Plaintiff alleges that the conditions of his confinement violate his constitutional rights. A pretrial detainee's challenge to conditions of confinement arises under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Hicks v. James, 255 F. App'x 744, 748 (4th Cir. 2007). The Fourteenth Amendment generally prohibits conditions of confinement that amount to punishment before a proper adjudication of guilt. Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992). To establish a conditions of confinement claim pursuant to the Fourteenth Amendment, a pretrial detainee must show either (1) an expressed intent to punish; or (2) lack of a reasonable relationship to a legitimate non-punitive governmental objective, from which a punitive intent may be inferred. Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988).

Here, plaintiff contests the detention center's policy of requiring pretrial detainees to submit their non-legal outgoing mail to prison officials unsealed. (Compl. Attach. p. 3 and Pl.'s Resp. p. 1.) Pretrial detainees have a First Amendment right of free speech and to send and receive mail. Hudson v. Palmer, 468 U.S. 517, 547 (1984). "The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment." Jones v. North Carolina Prisoners' Union, 433 U.S. 119, 125 (1977). Restrictions on an inmate's constitutional rights are valid "if [they are] reasonably related to legitimate penological interests." Turner v. Safely, 482 U.S. 78, 89 (1987). Courts have repeatedly held, however, that searches of prisoners' outgoing mail is permissible for security purposes, such as searching for contraband, escape plans, and the like. See Altizer v. Deeds, 191 F.3d 540, 549 (4th

3

Cir. 1999) ("Because there is a substantial governmental interest in censoring certain materials from an inmate's outgoing mail, *e.g.*, materials detrimental to the security, good order, and discipline of the institution, or dangerous to the public, there is *a fortiori* a legitimate penological interest in opening and inspecting an inmate's outgoing mail for such material."); United States v. Cook, 457 F. App'x 285, 286 (4th Cir. 2011) ("[T]he search of [the defendant's] outgoing mail by jail officials did not violate the Fourth Amendment."); Weatherspoon v. Ferguson, 398 F. App'x 7, 9 (5th Cir. 2010) (same); see also Francis v. Johns, No. 5:11-CT-3005-FL, 2013 WL 1309285, at *8 (E.D.N.C. Mar. 28, 2013) (finding policy stating that outgoing mail from a pretrial inmate may not be sealed was reasonably related to a legitimate penological interest). Based upon the foregoing, the court GRANTS defendants' motion to dismiss as to this claim.

In response to defendants' motion to dismiss, plaintiff, additionally, complains that a legal letter he sent to "NC Public Safety" was "opened, returned, and not sealed.[2]" (Pl.'s Resp. p. 1.) However, at most, plaintiff's allegation amounts to nothing more than an isolated incident of mail mishandling. Isolated incidents of mail mishandling do not rise to the level of a constitutional violation. See Buie v. Jones, 717 F.2d 925, 926 (4th Cir.1983) (finding isolated incidents of opening of mail do not state a cognizable § 1983 claim); see also Pearson v. Simms, 345 F. Supp.2d 515, 519 (D. Md. Dec. 11, 2003), aff'd 88 F. App'x 639 (4th Cir. 2004). Thus, because plaintiff's allegations do not arise to a First Amendment violation, the court DISMISSES this claim without prejudice.

---

[2] This is the only alleged item of legal mail that plaintiff references in his pleadings.

## CONCLUSION

For the foregoing reasons, the court GRANTS defendants' motion to dismiss (DE 21). The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 7th day of November, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

5